IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARIA RAIMUNDA DASILVA PEREIRA, § § § Plaintiff, § § v. § § UNITED OF OMAHA LIFE § INSURANCE COMPANY, § § Defendant. § § § | Civil Action No. 1:22-cv-00367-RP |

### DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant United of Omaha Life Insurance Company files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (ECF No. 8, the "Complaint"), and its Counterclaim against Plaintiff Maria Raimunda Dasilva Pereira, as follows:

### I.   ANSWER

1.  United of Omaha admits only that Plaintiff purports to assert claims for damages for breach of contract and Texas Insurance Code violations. United of Omaha denies that Plaintiff is entitled to any damages and denies the remaining allegations in Paragraph 1 of the Complaint.

PARTIES AND SERVICE

2.  United of Omaha admits only that Plaintiff resides in Travis County, Texas and was the named beneficiary of the policy. United of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint.

3. United of Omaha admits that it is an insurance company authorized to conduct the business of insurance in the State of Texas and was served. United of Omaha denies the remaining allegations in Paragraph 3 of the Complaint.

JURISDICTION AND VENUE

4. United of Omaha admits only that this Court has jurisdiction and that venue is proper in this District. United of Omaha denies the remaining allegations in Paragraph 4 of the Complaint.

FACTS

5. United of Omaha admits that it issued life insurance policy No. BU2384838 (the "Policy"), which is a document that speaks for itself, insuring Augusto Malhado Pires (the "Decedent") on the basis of the application completed by the Decedent. United of Omaha denies the remaining allegations in Paragraph 5 of the Complaint.

6. United of Omaha admits that it sent a letter to Plaintiff dated March 25, 2020, which is a document that speaks for itself, and that the Policy was rescinded based on material misrepresentations made in the application for the Policy. United of Omaha denies the remaining allegations in Paragraph 6 of the Complaint.

7. United of Omaha admits that it sent a letter to Plaintiff dated March 25, 2020, which is a document that speaks for itself, and that the Policy was rescinded based on material misrepresentations made in the application for the Policy. United of Omaha denies the remaining allegations in Paragraph 7 of the Complaint.

8. United of Omaha admits that it sent a letter to Plaintiff dated March 25, 2020, which is a document that speaks for itself, and that the Policy was rescinded based on material

misrepresentations made in the application for the Policy. United of Omaha denies the remaining allegations in Paragraph 8 of the Complaint.

9.      United of Omaha admits only the Decedent answered "No" to each question on the application pertaining to health history under the Underwriting Section. United of Omaha denies the remaining allegations in Paragraph 9 of the Complaint.

10.     United of Omaha admits only that any documents provided to United of Omaha by Plaintiff's physicians and/or medical providers regarding medical treatment and/or diagnoses speak for themselves. United of Omaha denies the remaining allegations in Paragraph 10 of the Complaint.

11.     United of Omaha denies the allegations in Paragraph 11 of the Complaint.

12.     United of Omaha denies the allegations in Paragraph 12 of the Complaint.

13.     United of Omaha denies the allegations in Paragraph 13 of the Complaint.

14.     United of Omaha denies the allegations in Paragraph 14 of the Complaint.

15.     United of Omaha admits only that it received a June 12, 2020 letter from Plaintiff's counsel, which is a document that speaks for itself. United of Omaha denies the remaining allegations in Paragraph 15 of the Complaint.

16.     United of Omaha admits only that the June 15, 2020 letter and March 25, 2020 are documents that speak for themselves. United of Omaha denies the remaining allegations in Paragraph 16 of the Complaint.

17.     United of Omaha admits only that it received a July 1, 2020 letter from Plaintiff's counsel, which is a document that speaks for itself. United of Omaha denies the remaining allegations in Paragraph 17 of the Complaint.

18. United of Omaha admits only that it sent a July 16, 2020 letter to Plaintiff's counsel, which is a document that speaks for itself. United of Omaha denies the remaining allegations in Paragraph 18 of the Complaint.

19. United of Omaha admits only that it sent a letter dated January 10, 2022 to Plaintiff, which is a document that speaks for itself. United of Omaha denies the remaining allegations in Paragraph 19 of the Complaint.

CAUSES OF ACTION

20. United of Omaha denies the allegations in Paragraph 20 of the Complaint.

21. United of Omaha denies the allegations in Paragraph 21 of the Complaint.

22. United of Omaha denies the allegations in Paragraph 22 of the Complaint.

23. United of Omaha denies the allegations in Paragraph 23 of the Complaint.

24. United of Omaha denies the allegations in Paragraph 24 of the Complaint.

25. United of Omaha denies the allegations in Paragraph 25 of the Complaint.

DAMAGES

26. United of Omaha denies the allegations in Paragraph 26 of the Complaint.

27. United of Omaha denies the allegations in Paragraph 27 of the Complaint.

28. United of Omaha denies the allegations in Paragraph 28 of the Complaint.

29. United of Omaha admits only that Plaintiff now purports to seek damages of $75,000 or less. United of Omaha denies that Plaintiff is entitled to such an award, and otherwise denies the allegations in Paragraph 29.

ATTORNEY'S FEES

30. United of Omaha admits only that Plaintiff purports to seek an award of attorney's fees in Paragraph 30 of the Complaint. United of Omaha denies that Plaintiff is

entitled to such an award, and otherwise denies the allegations in Paragraph 30.

PRAYER

31. The "Prayer" Section of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to judgment against United of Omaha or is otherwise entitled to any form of relief.

**Unless specifically admitted herein, United of Omaha denies the allegations in the Complaint.**

## II. AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the terms and conditions of the Policy, including the Application for the Policy, and by the doctrines of rescission, accord and satisfaction, release, ratification, acquiescence, waiver, equitable estoppel, unjust enrichment, *in pari delicto*, laches and unclean hands.

2. Plaintiff's claims are barred because the Policy was mutually rescinded.

3. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted in that, *inter alia*, the coverage under the Policy was null and void due to material misrepresentations made in the Application for coverage by the Decedent. In addition, the Decedent failed to disclose material medical information as requested on the Application and the Decedent inaccurately and improperly certified the accuracy of the information on the Application to obtain the Policy which is void as a result.

4. United of Omaha timely and properly contested coverage under the Policy pursuant to its terms and the terms of the Application with respect to the material

misrepresentations made on the Application and, therefore, Plaintiff is not entitled to the life insurance benefits under the Policy as any coverage under the Policy is null and void.

5. Plaintiff has suffered no damages as a result of the matters alleged in the Amended Complaint as coverage under the Policy was void *ab initio* due to the knowing, material misrepresentations in the Application made by the Decedent and the fact that the Decedent inaccurately and improperly certified the accuracy of the information on the Application to obtain the Policy which is void as a result.

6. Plaintiff's claims are barred by the doctrine of merger and by the terms of the Application and the Policy.

7. Plaintiff's claims are barred, in whole or in part, by the parol evidence rule because the written terms of the Policy and Application control.

8. Plaintiff's claims are barred, in whole or in part, because United of Omaha complied with the Policy in good faith at all times.

9. Plaintiff's claims are barred by the doctrines of waiver, estoppel, accord and satisfaction and release as United of Omaha timely notified Plaintiff of its determination that the Policy was void due to material misrepresentations and that it was rescinding the Policy, United of Omaha tendered a full refund of premiums to Plaintiff in support of its rescission of the Policy, and Plaintiff negotiated the premium refund check.

10. Plaintiff's claims raised in the Amended Complaint are barred because the Decedent made material misrepresentations in the Application for the Policy which rendered coverage under the Policy null and void and of no force and effect and United of Omaha properly and timely rescinded and contested coverage under the Policy.

11.     Plaintiff's claims are barred, in whole or in part, by the failure of conditions precedent, the occurrence of which are and were required in order to give rise to United of Omaha's duty to perform as alleged, if at all, and United of Omaha states that all conditions precedent to recovery of benefits have not been satisfied as the Policy was void *ab initio*.

12.     The acts and/or omissions alleged by Plaintiff do not rise to the level necessary for recovery of punitive, exemplary, and/or enhanced damages.

13.     While United of Omaha denies that Plaintiff has suffered any damages as a result of the denial of any claim for the Policy's benefits, Plaintiff's damages, if any, are limited to the benefits available under the Policy as Plaintiff has failed to state a claim upon which any other relief can be recovered.

14.     United of Omaha reserves the right to amend this Answer, including its Affirmative Defenses, as may be appropriate or necessary during the course of this litigation.

### III.     COUNTERCLAIM

Defendant/Counter-Plaintiff United of Omaha Life Insurance Company for its Counterclaim against Plaintiff/Counter-Defendant Maria Raimunda Dasilva Pereira ("Pereira") states:

1.     This is an action for confirmation of mutual rescission and declaratory relief for the purposes of determining a question of actual controversy between the parties and an action for confirmation of mutual rescission of coverage under a life insurance policy.

### PARTIES

2.     United of Omaha is an insurance company incorporated in the State of Nebraska with its principal place of business in Omaha, Nebraska. As such, United of Omaha is a citizen of the state of Nebraska.

3. Upon information and belief, Pereira is an individual domiciled in Travis County, Texas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states, as set forth above, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Pereira resides in this District. 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

6. Augusto Malhado Pires (the "Decedent") submitted an Application (the "Application") for a life insurance policy in the amount of $30,000.00 to United of Omaha on or about December 4, 2018.

7. The Application contained an "Underwriting" section consisting of two parts. Part One started with the statement: "**If the Proposed Insured answers 'Yes' to any questions in Part One, that person is not eligible for any coverage under this application.**" Part One consisted of questions 1 through 4, while Part Two consisted of questions 5 through 10.

8. On the Application signed by the Decedent, each question in the Underwriting Section was answered as "No."

9. The Agreement Section of the Application provides, in pertinent part, above the signature line of the Proposed Insured (the Decedent), as follows:

> To the best of my knowledge and belief, I represent the information above is true and complete. Any incorrect or misleading answers may void this application and any issued policy effective the issue date. . . . You must immediately notify

> United of Omaha if there has been a change in the Proposed Insured's health or habits that will change any statement or answer to any question in the application as of the date the policy is delivered. No policy of any kind will be in effect if the Proposed Insured dies or is otherwise ineligible for the insurance for which they applied. No producer can waive or change any receipt or policy provision or agree to issue any policy.

10. The Decedent signed the Application on December 4, 2018.

11. In underwriting and issuing the Policy, United of Omaha reasonably relied on representations in the Application regarding the Decedent's health and medical history to determine whether to issue the Policy and in assessing the risk it would accept by doing so. United of Omaha further relied upon the Decedent's representations in determining the appropriate or applicable charges to assess for insurance premiums.

12. The Policy contains the following contestability provision:

> INCONTESTABILITY
>
> Except for nonpayment of premium, this policy will be incontestable after it has been in force during the insured's lifetime for two years from the *contestability date.* If this policy is reinstated, a new contestable period will start on the date of reinstatement.
>
> . . .
>
> Any contest will be based on the related application and will be material to the risk we assumed.

13. On December 18, 2019, the Decedent died.

14. The Policy is contestable in that it was not in force for two years during the lifetime of the Decedent.

15. Because the Decedent died within the two-year contestability period of the Policy, United of Omaha conducted an investigation to review the accuracy of the statements on the Application. During the course of its investigation, United of Omaha learned that the Decedent

had made material misrepresentations on the Application. Specifically, United of Omaha learned that the Decedent had failed to disclose certain medical diagnoses, treatments, and conditions which should have been disclosed in the Application.[1]

16.　These misrepresentations and/or fraudulent statements, omitted facts, concealed material facts, and/or other failure to accurately, honestly, and/or truthfully answer and disclose material information were integral to United of Omaha's decision to issue the Policy. Indeed, on the face of the Application, the Underwriting Section of the Application expressly stated that the Proposed Insured would not be eligible for coverage under the Application if the Proposed Insured answers "Yes" to any of questions 1 through 4.

17.　United of Omaha did not know these representations were false. If the Decedent had provided full and accurate disclosures in the Application, United of Omaha would not have issued the Policy. The Decedent's failure to disclose the Decedent's true health history was material to United of Omaha's determination of the risk insured by the Policy.

18.　Based upon the material misrepresentations contained in the Application and made a part of the Policy, by letter dated March 25, 2020, United of Omaha rescinded the Decedent's coverage under the Policy and notified Pereira of its rescission of the Policy.

19.　United of Omaha further tendered to Pereira a refund of premiums paid for the Policy in the amount of $1,989.26 to rescind the Policy.

20.　Pereira negotiated the reissued premium refund check on February 8, 2022.

---

[1] Pursuant to federal and state privacy laws, United of Omaha is not in a position to further elaborate on the exact nature of the material misrepresentations made to United of Omaha by the Decedent. If required at some later time, United of Omaha will file relevant materials under seal with the Court.

## COUNT I – DECLARATORY JUDGMENT FOR RESCISSION

21. United of Omaha incorporates in Count I the allegations in the foregoing paragraphs.

22. Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202, United of Omaha seeks a declaratory judgment that the Policy is null, void, and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions made on the Application, that no insurance was ever in effect, and that no benefits are due or payable under the Policy.

23. Under Texas law, an insurer can rescind an insurance policy on the basis of an insured's misrepresentations if the misrepresentations: (1) are of a material fact, and (2) affect the risks assumed. Tex. Ins. Code § 705.051. Here, the misrepresentations, omissions, concealment of facts, and incorrect statements in the Application were (1) material and (2) affected the risk assumed by United of Omaha under the Policy. United of Omaha would not have issued the Policy if the true facts had been made known to United of Omaha as required by the Application for the Policy or otherwise.

24. On a timely basis and in accordance with the provisions of the Policy, United of Omaha notified Pereira of its determination to void the Decedent's coverage under the Policy because of the material misrepresentations and tendered a refund in full of the premiums paid for the Policy to Pereira. Pereira negotiated the premium refund check.

25. Accordingly, United of Omaha is entitled to a declaration that the Policy was mutually rescinded, that the Policy is null, void, and rescinded *ab initio*, that no insurance was ever in effect, and that no benefits are due or payable under the Policy.

## RELIEF REQUESTED

United of Omaha requests judgment against Pereira as follows:

(a) an order declaring and adjudging that the Policy was mutually rescinded, that the Policy is null, void and rescinded *ab initio*, that no insurance was ever in effect under the Policy, and that no benefits are due or payable under the Policy;

(b) an order awarding United of Omaha costs of court; and

(c) an order awarding such other relief as the Court deems equitable and just to United of Omaha.

Dated: May 31, 2022

Respectfully submitted,

By: /s/ *Emily K. Felix*
Jason A. Richardson
State Bar No. 24056206
MCDOWELL HETHERINGTON LLP
1001 Fannin, Suite 2700
Houston, TX 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8862
E-mail: Jason.Richardson@mhllp.com

Emily K. Felix
State Bar No. 24093777
MCDOWELL HETHERINGTON LLP
1000 Ballpark Way, Suite 209
Arlington, TX 76011
Telephone: (817) 635-7300
Facsimile: (817) 635-7308
E-mail: Emily.Felix@mhllp.com

*Attorneys for Defendant United of Omaha Life Insurance Company*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 31, 2022 a true and correct copy of the foregoing was served on the following counsel of record by CM/ECF:

Stephen G. Nagle
2091 Bee Caves Road, Box J
The Commissioner's House
Austin, Texas 78746
sgnagle@lawyernagle.com

               /s/ *Emily K. Felix*
                 Emily K. Felix